**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50395 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00134-JAH |
| v. | |
| JOSE MANUEL AYALA-VENTURA, a.k.a. Jose Ayala-Ventura, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted August 29, 2016
Pasadena, California

Before:     TASHIMA, SILVERMAN, and WATFORD, Circuit Judges.

Jose Manuel Ayala-Ventura appeals from the district court's judgment and challenges his conviction and the 100-month sentence imposed for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Ayala-Ventura contends that the district court abused its discretion by precluding him from introducing a computer screen shot of a photograph from Facebook for lack of authentication. We review for abuse of discretion, *see United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000), but we need not decide whether the district court properly excluded the evidence. Even if the foundation for the photo should have been deemed sufficient, any error in sustaining the objection to it was harmless. The jury received various other pieces of evidence that someone named Jesus Noveron once lived at, or was associated with, the address in question. *See United States v. Pineda-Doval*, 614 F.3d 1019, 1034 (9th Cir. 2010).

Ayala-Ventura next contends that the district court abused its discretion by precluding him from eliciting testimony about an out-of-court statement. Specifically, he argues that the district court should have permitted him to elicit testimony from his investigator that, upon the investigator's visit to the residence at 715 South Olive Street, a woman answered the door and stated that Jesus Noveron no longer lived there. We review for abuse of discretion, *United States v. Torres*, 794 F.3d 1053, 1059 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 2005 (2016), and find none. Even crediting Ayala-Ventura's argument that this statement was offered solely to show a "link" between Noveron and the residence, the record reflects that

2

the statement was offered to prove the truth of the matter asserted. Accordingly, the district court did not abuse its discretion by excluding it as hearsay. *See* Fed. R. Evid. 801(c), 802.

Ayala-Ventura finally contends that the district court procedurally erred by failing to explain adequately its reasons for denying his request for a minor role adjustment pursuant to U.S.S.G. § 3B1.2. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. As Ayala-Ventura conceded in the district court, the record is devoid of information regarding his role in the offense. It is, therefore, apparent from the record why the district court determined that Ayala-Ventura had failed to meet his burden. *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (adequate explanation may be inferred from the record as a whole); *United States v. Cantrell*, 433 F.3d 1269, 1282 (9th Cir. 2006) (defendant bears the burden of proving that he is entitled to a minor role adjustment).

**AFFIRMED.**